IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| EDWARD AND SHERYL MURDOCK,<br><br>*Plaintiffs*,<br><br>v.<br><br>MAVERICK TURTLE CREEK APARTMENTS, NATIONAL CREDIT SYSTEMS, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:23-cv-00866 |

**DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE**

Defendant National Credit Systems, Inc. ("NCS" or "Defendant"), files its *Motion to Dismiss, or Alternatively, Motion to Transfer Venue* pursuant to FED. R. CIV. P. 12(b)(3) (improper forum) and 28 U.S.C. § 1404(a) (transfer for convenience) and asks the Court to transfer this case to the Eastern District of Texas, Sherman Division. In support of this motion, Defendant would show the Court the following:

SUMMARY

1. On April 2, 2024, Plaintiff filed *Plaintiff's 1st Amended Complaint Private Attorney General Stile Suit for Damages* [sic] [Doc. 7] (the "Complaint") seeking damages from Defendant NCS and other defendants based on several causes of action, including the FDCPA, and FCRA. However, the Complaint admits at Paragraph IV-A that "**all actions complained herein occurred in Sherman, Texas**" (emphasis added). In addition, the Complaint asserts claims against co-defendant Maverick Turtle Creek Apartments which are located in Sherman, Texas according to Paragraph V-A of the Complaint. The Complaint does not allege that any

Defendant has a principal place of business in Utah, nor that any relevant actions took place in Utah. As a result, venue in Utah is improper, and venue in the Eastern District of Texas, Sherman Division is proper.

ARGUMENT & AUTHORITY

2. Improper Venue. A defendant may challenge a plaintiff's choice of venue by filing a motion under Rule 12(b)(3), which permits dismissal of a claim for "improper venue." Fed. R. Civ. P. 12(b)(3). The Rule's use of the word "improper" means that dismissal is appropriate "only when venue is 'wrong' . . . in the forum in which it was brought." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* at 56; *see also* 28 U.S.C. § 1406(a) (if venue is improper, the court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

3. Plaintiff's Complaint does not provide any allegations supporting venue in one of the three permissible forums. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

4. As admitted by Plaintiffs, "all actions complained herein occurred in Sherman, Texas," one Defendant is located in Sherman, Texas, and one Defendant is located in Marietta,

Georgia. No Defendant has a principal place of business located in Utah or has contacted Plaintiffs in Utah. As such, Defendant alleges that the case should be dismissed pursuant to FED. R. CIV. P. 12(b)(3), or in the alternative, transferred to the Eastern District of Texas, Sherman Division pursuant to.

5. Transfer for Convenience. A Court may transfer a suit to any other district or division where it could have been brought for the convenience of the defendant or its witnesses and in the interest of justice. 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Chrysler Credit Corp. v. Cty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting 28 U.S.C. § 1404(a)). Section 1404(a) places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Id. (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). Based on those factors, and particularly as Plaintiff's claims rely on Texas law, and all fact witnesses, other than perhaps the Plaintiffs, will be located in Texas as all actions for which Plaintiffs complain occurred in Texas.

## PRAYER

For the foregoing reasons, Defendant National Credit Systems, Inc. asks the Court to dismiss Plaintiffs' Complaint, or in the alternative, transfer this case to the Eastern District of Texas, Sherman Division and tax any costs against Plaintiffs, and for such other and further relief to which NCS may be entitled.

Respectfully submitted,

By: /s/Adam R. Knecht

ATTORNEYS FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

## CERTIFICATE OF SERVICE

On May 31, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Utah using the electronic case filing system of the court, thereby providing service to all parties.

| | |
|---|---|
| Edward Murdock<br>P.O. Box 194<br>Nephi, Utah 84648 | VIA U.S. MAIL<br>VIA EMAIL to murdocks798@gmail.com |
| Sheryl Murdock<br>P.O. Box 194<br>Nephi, Utah 84648 | VIA U.S. MAIL<br>VIA EMAIL to murdocks798@gmail.com |

PRO SE PLAINTIFFS

By: /s/Antonia Di Dio

CERTIFICATE OF CONFERENCE

Defendant, through its national counsel in Texas, John W. Bowdich, attempted to contact Plaintiffs by telephone and email on May 30, 2024 to discuss the merits of this Motion. However, Plaintiffs have not returned Defendant's Counsel's communications.

Certified to this 31st day of May, 2024.

By: ________________________________