**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **EDWARD MURDOCK and SHERYL MURDOCK,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MAVERICK TURTLE CREEK APARTMENTS; and NATIONAL CREDIT SYSTEMS, INC.,**<br><br>**Defendants.** | **ORDER TO SHOW CAUSE**<br><br>**Case No. 2:23-cv-00866-JNP-JCB**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] For the reasons set forth below, the court orders pro se Plaintiffs Edward Murdock and Sheryl Murdock (collectively, "Plaintiffs") to show cause why Defendant Maverick Turtle Creek Apartments ("MTCA") should not be dismissed from this case under Fed. R. Civ. P. 4(m) and for lack of prosecution.

Plaintiffs filed their original complaint on November 29, 2023.[2] Plaintiffs filed an amended complaint on April 2, 2024, which removed two of the four Defendants named in Plaintiffs' original complaint, leaving MTCA and National Credit Systems, Inc. ("NCS") as the only remaining Defendants.[3] On April 22, 2024, the court issued an Order requiring Plaintiffs to

[1] ECF No. 4.

[2] ECF No. 1.

[3] ECF No. 7.

show cause why this case should not be dismissed for lack of prosecution because they had not provided the court with the requisite proof of service under Fed. R. Civ. P. 4(*l*) to demonstrate that a summons and the complaint had been served on MTCA and NCS within 90 days after Plaintiffs' original complaint was filed, as required by Fed. R. Civ. P. 4(m).[4] Plaintiffs were ordered to file a response to the Order to Show Cause on or before May 6, 2024.

Two days after that deadline, Plaintiffs filed an executed summons indicating that MTCA was served through its "Office Manager" in Sherman, Texas, on April 29, 2024.[5] Plaintiffs also filed a document stating that the executed summons "should show cause why [their] suit should not be dismissed since one party has been served."[6] Plaintiffs did not move for an extension of the deadline for serving MTCA or provide any proof of service for NCS.[7]

Based upon those facts, the court must again order Plaintiffs to show cause why MTCA should not be dismissed from this case. To begin with, Plaintiffs purported service on MTCA on

---

[4] ECF No. 9. In that Order to Show Cause, the court noted that Plaintiffs' filing of their amended complaint did not restart the time limit for service under Fed. R. Civ. P. 4(m) for MTCA and NCS because those two Defendants were named in Plaintiffs' original complaint. *Constien v. United States*, 628 F.3d 1207, 1216 (10th Cir. 2010) (providing that the time period under Fed. R. Civ. P. 4(m) "runs from the filing of the initial complaint" and that "later amendments to the complaint do not change the time limit except for newly added parties"); *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (providing that the time limit under Fed. R. Civ. P. 4(m) "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint"). Therefore, the court explained, Plaintiffs were required to serve MTCA and NCS within 90 days after the filing date of Plaintiffs' original complaint.

[5] ECF No. 10.

[6] ECF No. 10-1.

[7] Despite Plaintiffs' failure to file proof of service for NCS, NCS appeared in this case by filing an answer to Plaintiffs' amended complaint on May 31, 2024, ECF No. 13, and a motion to dismiss or, alternatively, to transfer venue on June 6, 2024. ECF No. 18. The court addresses that motion in a Report and Recommendation to be issued contemporaneously with this Order.

April 29, 2024, was well past the 90-day deadline for service, and Plaintiffs did not seek an extension of that deadline. Fed. R. Civ. P. 4(m) provides that if service of a summons and complaint on a defendant is not completed within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." That rule further provides that the court must extend the service period for "an appropriate period" if "the plaintiff shows good cause for the failure" to complete service in a timely fashion. In the previous Order to Show Cause, the court cited to Fed. R. Civ. P. 4(m) and notified Plaintiffs that they had not timely served MTCA. Nevertheless, Plaintiffs failed to move for an extension of the service deadline for MTCA or make any attempt to show good cause for their failure to serve MTCA in a timely manner. Accordingly, Plaintiffs must show cause why MTCA should not be dismissed from this case under Fed. R. Civ. P. 4(m) and for lack of prosecution.[8]

Additionally, the court orders Plaintiffs to show cause why MTCA should not be dismissed from this case for lack of prosecution because, even if the court were to excuse Plaintiffs' tardy service, the executed summons they filed does not demonstrate proper service on MTCA. Under Fed. R. Civ. P. 4(h), a domestic entity such as MTCA must be served in one of two ways. First, such an entity may be served "in the manner prescribed in [Fed. R. Civ. P. 4(e)(1)] for serving an individual."[9] Fed. R. Civ. P. 4(e)(1) provides that service may be

[8] DUCivR 41-2 ("At any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution. If the party does not show good cause, a district judge or a magistrate judge presiding by consent may enter an order of dismissal. The dismissal may be with or without prejudice, as the court deems proper.").

[9] Fed. R. Civ. P. 4(h)(1)(A).

completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, Plaintiffs could complete service on MTCA under either Utah law or Texas law. Under Utah R. Civ. P. 4(d)(1)(E), service on an entity may be accomplished by personally serving a summons and the complaint on "an officer, a managing or general agent, or other agent authorized by appointment or law to receive process and by also mailing a copy of the summons and complaint to the defendant, if the agent is one authorized by statute to receive process and the statute so requires." Alternatively, Utah R. Civ. P. 4(d)(2)(B) provides that service on an entity may be accomplished "by mail or commercial courier service in any state or judicial district of the United States provided defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt." Under Texas law, "[s]ervice may be made on [an] entity's registered agent, president, or any vice president."[10]

Second, a domestic entity may be served under Fed. R. Civ. P. 4(h)

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.[11]

Plaintiffs' executed summons fails to demonstrate that it was served on an individual who is authorized to receive service of process for MTCA under any of the foregoing requirements. Indeed, Plaintiffs' summons merely indicates that it was served on MTCA's "Office Manager."[12]

---

[10] *Lawton Candle, LLC v. BG Pers., LP*, 690 S.W.3d 122, 125-26 (Tex. App. 2024) (citing Tex. Bus. Orgs. Code Ann. §§ 5.201(b), 5.255(1)).

[11] Fed. R. Civ. P. 4(h)(1)(B).

[12] ECF No. 10.

For that additional reason, Plaintiffs must show cause why MTCA should not be dismissed from this case for lack of prosecution.[13]

**ORDER**

For the reasons stated above, the court HEREBY ORDERS Plaintiffs to file a response to this Order on or before September 12, 2024, showing cause why MTCA should not be dismissed from this case under Fed. R. Civ. P. 4(m) and for lack of prosecution. Failure to do so will result in a recommendation that MTCA be dismissed from this case.

IT IS SO ORDERED.

DATED this 29th day of August 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[13] DUCivR 41-2.