IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDWARD MURDOCK and SHERYL MURDOCK,<br><br>Plaintiffs,<br><br>v.<br><br>MAVERICK TURTLE CREEK APARTMENTS and NATIONAL CREDIT SYSTEMS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:23-cv-00866-JNP-JCB<br><br>District Judge Jill N. Parrish |

Plaintiffs Edward Murdock and Sheryl Murdock filed a pro se complaint seeking damages from Defendants Maverick Turtle Creek Apartments and National Credit Systems for alleged intentional infliction of emotional distress and violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. ECF No. 7. Their complaint was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).

Judge Bennett twice ordered Plaintiffs to show cause why Defendant Maverick Turtle Creek Apartments should not be dismissed from the case under Rule 4(m) of the Federal Rules of Civil Procedure and for lack of prosecution under Rule 41(b). Plaintiffs did not satisfactorily show cause, and Judge Bennett prepared a Report and Recommendation that Maverick be dismissed from the case without prejudice. His Report and Recommendation notified the parties that a failure to file a timely objection to the recommendation could waive any objections to it. Plaintiffs did not file an objection in the time allotted, instead filing a motion for default judgment against Maverick.

Because Plaintiffs did not object to the Report and Recommendation, they have waived any argument challenging its recommendations. *Paciorek v. Church of Jesus Christ of Latter-Day Saints*, No. 2:23-cv-00904, 2024 WL 2818881 (D. Utah June 3, 2024). And nothing indicates that the interests of justice demand excusing waiver here. *Id.*

But even if the court excused waiver and reviewed for clear error, the court would conclude that Judge Bennett's analysis is not clearly erroneous. *See Zloza v. Indus. Co.*, No. 4:23-cv-17, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (explaining that the court reviews unobjected-to portions of a magistrate judge's report and recommendations for clear error). Thus, the court adopts the Report and Recommendation in full.

Because the court adopts the Report and Recommendation that Maverick be dismissed from this case, the court also denies Plaintiffs' motion for default judgment against Maverick. Dismissal, not default judgment, is the proper course here. As explained in the Report and Recommendation, Maverick was not timely or properly served. That means this court has no personal jurisdiction over Maverick, and Plaintiffs may not seek default judgment against Maverick at this time. *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998).

Accordingly:

1. The court **ADOPTS IN FULL** the Report and Recommendation, ECF No. 25.
2. The court **ORDERS** that Maverick be dismissed from this case without prejudice for lack of prosecution under Rule 41(b) and the court's inherent authority.
3. The court **DENIES** Plaintiffs' motion for default judgment, ECF No. 26.

Signed November 12, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge