**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **EDWARD MURDOCK and SHERYL MURDOCK,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MAVERICK TURTLE CREEK APARTMENTS; and NATIONAL CREDIT SYSTEMS, INC.,**<br><br>**Defendants.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:23-cv-00866-JNP-JCB**<br><br>**Chief District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

## BACKGROUND[1]

Pro se Plaintiffs Edward Murdock and Sheryl Murdock (collectively, "Plaintiffs") filed their original complaint on November 29, 2023.[2] Plaintiffs filed an amended complaint on April 2, 2024, which removed two of the four Defendants named in Plaintiffs' original complaint and left Defendant Maverick Turtle Creek Apartments ("MTCA") and National Credit Systems, Inc. ("NCS") as the only remaining Defendants.[3] Plaintiffs asserted claims against MTCA and NCS for intentional infliction of emotional distress and violations of both the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA").[4]

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 4.

[2] ECF No. 1.

[3] ECF No. 7.

[4] *Id.*

On April 22, 2024, the court ordered Plaintiffs to show cause why this case should not be dismissed for lack of prosecution[5] because they had not provided the court with the requisite proof of service under Fed. R. Civ. P. 4(*l*) to demonstrate that a summons and the complaint had been served on MTCA and NCS within 90 days after Plaintiffs' original complaint was filed, as required by Fed. R. Civ. P. 4(m).[6] Plaintiffs were ordered to file a response to the order to show cause on or before May 6, 2024.

Two days after that deadline, Plaintiffs filed an executed summons indicating that MTCA was served through its "Office Manager" in Sherman, Texas, on April 29, 2024.[7] Plaintiffs also filed a document stating that the executed summons "should show cause why [their] suit should not be dismissed since one party has been served."[8] Additionally, on May 22, 2024, Plaintiffs filed a document entitled, "Judgment by Default," which appeared to be a proposed default

[5] DUCivR 41-2 ("At any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution. If the party does not show good cause, a district judge or a magistrate judge presiding by consent may enter an order of dismissal. The dismissal may be with or without prejudice, as the court deems proper.").

[6] ECF No. 9. In that order to show cause, the court noted that Plaintiffs' filing of their amended complaint did not restart the time limit for service under Fed. R. Civ. P. 4(m) for MTCA and NCS because those two Defendants were named in Plaintiffs' original complaint. *Constien v. United States*, 628 F.3d 1207, 1216 (10th Cir. 2010) (providing that the time period under Fed. R. Civ. P. 4(m) "runs from the filing of the initial complaint" and that "later amendments to the complaint do not change the time limit except for newly added parties"); *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (providing that the time limit under Fed. R. Civ. P. 4(m) "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint"). Therefore, the court explained, Plaintiffs were required to serve MTCA and NCS within 90 days after the filing date of Plaintiffs' original complaint.

[7] ECF No. 10.

[8] ECF No. 10-1.

judgment against MTCA under Fed. R. Civ. P. 55(b)(1).[9] Notably, Plaintiffs did not move for an extension of the deadline to serve MTCA or provide any proof of timely service on NCS.

Despite Plaintiffs' failure to file proof of timely service on NCS, NCS answered Plaintiffs' amended complaint on May 31, 2024.[10] On June 6, 2024, NCS moved to dismiss Plaintiffs' amended complaint or, alternatively, to transfer venue.[11] After NCS's motion became fully briefed, the court recommended to Chief District Judge Jill N. Parrish on August 29, 2024, that: (1) NCS's motion be converted to a motion for judgment on the pleadings; (2) the converted motion be granted in part and denied in part; (3) Plaintiffs' claims against NCS for intentional infliction of emotional distress and violations of the FCRA be dismissed with prejudice for failure to state claims; and (4) Plaintiffs' FDCPA claim against NCS be permitted to proceed.[12] Judge Parrish subsequently adopted that recommendation in full.[13] Thus, Plaintiffs' FDCPA claim is the only remaining claim in this case against NCS.

On the same date the court issued its recommendation on NCS's motion, the court again ordered Plaintiffs to show cause why MTCA should not be dismissed from this case.[14] That order to show cause was based on two grounds. First, Plaintiffs' purported service on MTCA on April 29, 2024, was well past the 90-day deadline for service, and Plaintiffs did not seek an extension

---

[9] ECF No. 11. The court notes that a default certificate was never entered against MTCA under Fed. R. Civ. P. 55(a).

[10] ECF No. 13.

[11] ECF No. 18.

[12] ECF No. 21.

[13] ECF No. 24.

[14] ECF No. 22.

of that deadline or make any attempt to show good cause for their failure to serve MTCA in a timely manner.[15] Second, even if the court excused Plaintiffs' tardy service, the executed summons they filed did not demonstrate proper service on MTCA under Fed. R. Civ. P. 4(h). Accordingly, the court ordered Plaintiffs to file a response to the order to show cause on or before September 12, 2024, showing cause why MTCA should not be dismissed from this case under Fed. R. Civ. P. 4(m) and for lack of prosecution.

Plaintiffs filed a response to the second Order to Show Cause on September 9, 2024, in which they indicated only that they had "been awaiting action by the court" on their proposed default judgment against MTCA.[16] Importantly, Plaintiffs failed to address either their tardy service on MTCA or their failure to properly serve MTCA.

On October 25, 2024, the court recommended to Chief Judge Parrish that MTCA be dismissed from this case for lack of prosecution under Fed. R. Civ. P. 41(b) and the court's inherent authority.[17] Plaintiffs did not object to the court's recommendation but, instead, moved for default judgment against MTCA.[18] On November 13, 2024, Chief Judge Parrish adopted the court's recommendation in full, dismissed Plaintiffs' claims against MTCA without prejudice for lack of prosecution, and denied Plaintiffs' motion for default judgment against MTCA.[19]

---

[15] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

[16] ECF No. 23.

[17] ECF No. 25.

[18] ECF No. 26.

[19] ECF No. 28.

On November 27, 2024, the court ordered Plaintiffs to comply with the requirements of the court's order governing scheduling.[20] Specifically, the court ordered Plaintiffs to propose a schedule to NCS within 7 days, ensure that the parties conducted their Fed. R. Civ. P. 26(f) conference within 14 days, and ensure that the parties filed an appropriate scheduling motion within 21 days.[21] Plaintiffs were warned that their failure to fully comply with the order would result in the court ordering Plaintiffs to show cause why their sole remaining claim against NCS should not be dismissed for lack of prosecution.

After Plaintiffs failed to comply with that order, the court issued an order to show cause on February 3, 2025, requiring Plaintiffs to respond on or before February 18, 2025.[22] Plaintiffs failed to file any response.

## ANALYSIS

Plaintiffs' sole remaining claim against NCS should be dismissed without prejudice for lack of prosecution under Fed. R. Civ. P. 41(b) and the court's inherent authority. Fed. R. Civ. P. 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[23] Additionally, courts have the authority, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."[24] A court's authority "to dismiss sua sponte for lack of prosecution has generally been considered an

[20] ECF No. 29; *see also* ECF No. 3.

[21] ECF No. 29.

[22] ECF No. 30.

[23] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

[24] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[25]

As demonstrated above, Plaintiffs have failed to prosecute their remaining claim against NCS. Additionally, despite having the chance to show cause why that claim should not be dismissed for lack of prosecution, Plaintiffs ignored that chance. Therefore, Plaintiffs' remaining claim against NCS should be dismissed without prejudice for lack of prosecution under Fed. R. Civ. P. 41(b) and the court's inherent authority.[26]

## RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS that Plaintiffs' sole remaining claim against NCS be DISMISSED WITHOUT PREJUDICE for lack of prosecution under Fed. R. Civ. P. 41(b) and the court's inherent authority.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[27] The parties must file any objections to this Report and

---

[25] *Id*. at 630-31.

[26] The court acknowledges that Plaintiffs are proceeding pro se, but that does not excuse their obligation to follow all rules that apply to other litigants, including the Federal Rules of Civil Procedure. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

[27] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Recommendation within 14 days after being served with a copy of it.[28] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of November 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[28] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).