IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDWARD MURDOCK and SHERYL MURDOCK,<br><br>Plaintiffs,<br><br>v.<br><br>MAVERICK TURTLE CREEK APARTMENTS; and NATIONAL CREDIT SYSTEMS, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:23-cv-00866-JNP-JCB<br><br>Chief District Judge Jill N. Parrish |

Before the court is Judge Bennett's Report and Recommendation that plaintiffs' sole remaining claim be dismissed without prejudice. Dkt. No. 31. For the reasons explained herein, the court ADOPTS the Report and Recommendation and DISMISSES plaintiffs' sole remaining claim without prejudice.

**BACKGROUND**

Plaintiffs Edward Murdock and Sheryl Murdock filed a *pro se* complaint against defendants Maverick Turtle Creek Apartments and National Credit Systems, Inc. seeking damages for alleged intentional infliction of emotional distress and violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Dkt. No. 7.

Defendant National Credit Systems moved to dismiss on June 6, 2024. Dkt. No. 18. Judge Bennett issued an initial Report and Recommendation on August 29, 2024, recommending that: (1) National Credit System's motion be converted to a motion for judgment on the pleadings; (2) the converted motion be granted in part and denied in part; (3) plaintiffs' claims against

National Credit Systems for intentional infliction of emotional distress and violations of the Fair Credit Reporting Act be dismissed with prejudice for failure to state claims; and (4) plaintiffs' Fair Debt Collection Practices Act claim against National Credit Systems be permitted to proceed. Dkt. No. 21. This court adopted that recommendation in full. Dkt. No. 24. Plaintiffs' claim under the Fair Debt Collection Practices Act is thus the sole remaining claim in this case against National Credit Systems.

On the same day this court adopted the initial Report and Recommendation, Judge Bennett ordered plaintiffs to show cause why Maverick Turtle Creek Apartments should not be dismissed from this case. Dkt. No. 22. Judge Bennett then issued a second Report and Recommendation on October 25, 2024, recommending that Maverick Turtle Creek Apartments be dismissed from this case for lack of prosecution under Federal Rule of Civil Procedure 41(b) and this court's inherent authority. Dkt. No. 25. Plaintiffs failed to object and instead moved for a default judgment against Maverick Turtle Creek Apartments. Dkt. No. 26. On November 13, 2024, this court adopted Judge Bennett's Report and Recommendation in full, denying plaintiffs' motion for a default judgment and dismissing plaintiffs' claims against Maverick Turtle Creek Apartments. Dkt. No. 28.

On November 27, 2024, Judge Bennett then ordered plaintiffs to comply with the requirements of the court's scheduling order. Dkt. No. 29. Plaintiffs failed to comply, and on February 3, 2025, Judge Bennett issued an order to show cause requiring plaintiffs to respond on or before February 15, 2025. Dkt. No. 30. Plaintiffs failed to respond to this order.

On November 13, 2025, Judge Bennett issued a third Report and Recommendation that this court dismiss plaintiffs' sole remaining claim against National Credit Systems for lack of prosecution under Federal Rule of Civil Procedure 41(b) and this court's inherent authority. Dkt. No. 31. Specifically, Judge Bennett concluded that plaintiffs have failed to prosecute their

remaining claim against National Credit Systems. *Id.* at 6. The Report and Recommendation notified all parties that a failure to object may constitute waiver of objections upon subsequent review by this court. *Id.* at 6–7. Plaintiffs have not filed any objections.

## DISCUSSION

Because plaintiffs did not object to the Report and Recommendation, any argument that it was in error has been waived. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). In determining whether the interests of justice require an exception to the waiver rule, the Tenth Circuit has "considered factors such as 'a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised.'" *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). In this case, there is no indication that the interests of justice require the court to deviate from the waiver rule. Thus, the court finds that all objections are waived and adopts the Report and Recommendation in full.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that the Report and Recommendation is ADOPTED. Dkt. No. 31. Plaintiffs' sole remaining claim against National Credit Systems is DISMISSED WITHOUT PREJUDICE.

DATED September 28, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Judge
District of Utah